UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

GEOFFREY MARK TALSMA,

    Defendant-Movant,

v.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.

_____/

Case No. 1:25-cv-292

Honorable Hala Y. Jarbou

**OPINION**

Currently pending before the Court is Defendant-Movant Geoffrey Mark Talsma ("Defendant")'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) For the reasons set forth below, the Court will deem habeas grounds II, III, and IV withdrawn. The Court will grant Defendant's § 2255 motion as to habeas ground I.

**I.    Background**

On October 5, 2021, a grand jury returned an Indictment charging Defendant with seventeen counts of mail fraud, in violation of 18 U.S.C. § 1341; nine counts of wire fraud, in violation of 18 U.S.C. § 1343; two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), (b), and (c)(5); and one count of interstate transportation of stolen property, in violation of 18 U.S.C. § 2314. *See* Indictment, *United States v. Talsma*, No. 1:21-cr-180-1 (W.D. Mich.) (ECF No. 1). After Defendant's arrest, Scott Graham was appointed to represent him.

On February 22, 2022, the Government filed a Plea Agreement in which Defendant agreed to plead guilty to Count Eight of the Indictment, charging him with mail fraud, and Count 28, charging him with aggravated identity theft. *See* Plea Agreement, *id.* (ECF No. 98). The Plea

Agreement set forth that Defendant faced a maximum penalty of 20 years of imprisonment for the mail fraud conviction, and a "mandatory 2 years of imprisonment to be served consecutively to any other prison term imposed" for the aggravated identity theft conviction. *See id.* (ECF No. 98, PageID.268). Defendant appeared before the Court for his change of plea hearing on February 25, 2022.

On July 22, 2022, the Court sentenced Defendant to an aggregate sentence of 192 months. *See* J., *id.* (ECF No. 174, PageID.1030). The sentence consisted of 168 months for the mail fraud conviction and the mandatory consecutive 24 months for the aggravated identity theft conviction. *See id.* Defendant appealed,

> arguing that the district court incorrectly (1) enhanced his Guidelines offense level under U.S.S.G. § 2B1.1(b)(1) for a loss greater than $1,500,000 but less than or equal to $3,500,000; (2) declined to reduce his offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility; and (3) enhanced his offense level under U.S.S.G. § 3B1.1(a) for his serving as a leader or organizer of criminal activity involving five or more participants.

*United States v. Talsma*, No. 22-1689, 2024 WL 1406400, at *1 (6th Cir. Apr. 2, 2024). The Sixth Circuit rejected Defendant's arguments and affirmed his sentence. *See id.* Defendant did not seek a writ of certiorari from the Supreme Court.

Defendant filed his § 2255 motion (ECF No. 1) and memorandum in support thereof (ECF No. 2) on March 17, 2025. In an order (ECF No. 4) entered on March 18, 2025, the Court directed the Government to file a response to the motion. After receiving extensions of time (ECF Nos. 5, 9, 17), the Government filed an affidavit from attorney Scott Graham (ECF No. 10) and its response (ECF No. 18). After receiving an extension of time (ECF Nos. 19, 20), Defendant filed his reply (ECF No. 21) on October 14, 2025.

3

## II. Standard of Review

### A. Merits

A prisoner may move to vacate his sentence under 28 U.S.C. § 2255 if he can demonstrate that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it "is otherwise subject to collateral attack." 28 U.S.C. § 2255. However, "Section 2255 does not provide relief for just any alleged error." *Bullard v. United States*, 937 F.3d 654, 658 (6th Cir. 2019). To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 485 (1986)).

### B. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a movant must prove that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant in a way that led to an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, and viewed as of the time of counsel's conduct, and judicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S.460, 477 (2000) (internal quotation marks omitted). Counsel is not ineffective unless he or she "made errors so serious that counsel was not functioning

4

as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To establish prejudice, a movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694; *see also United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc) ("[T]he threshold issue is not whether [movant's] attorney was inadequate; rather, it is whether he was so manifestly ineffective that defeat was snatched from the hands of probable victory.").

### C. Evidentiary Hearing

The Court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required if Defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quotation omitted).

## III. Discussion

### A. Defendant's Grounds for Relief

Defendant raises several grounds for relief in his § 2255 motion, paraphrased as follows:

I.   6th Amendment violation for ineffective counsel, failing to object to a Guideline affecting criminal history computation error.

II.  6th Amendment violation of ineffective counsel failing to challenge or object to discovery related to the 18 U.S.C. [§] 1028A charge/conviction.

III. 6th Amendment violation for ineffective counsel failing to ensure plea was knowing, voluntary, and intelligently entered.

IV.  6th Amendment violation for ineffective counsel failing to raise prosecutorial misconduct.

(§ 2255 Mot., ECF No. 1, PageID.4–8 (capitalization corrected).)

5

In its response, the Government contends that Defendant is not entitled to relief with respect to grounds II, III, and IV. (ECF No. 18, PageID.72.) The Government concedes, however, that Defendant is entitled to be resentenced for the mail fraud conviction because "Defendant's attorney failed to provide effective representation when he did not object to an error in the calculation of Defendant's criminal history score." (*Id.*) The Government recognizes that counsel's failure to do so "result[ed] in an erroneous guidelines sentencing range, which courts have held creates a reasonable probability of prejudice due to the possibility of a higher sentence." (*Id.*)

In his reply, Defendant "accepts the [G]overnment's concession." (ECF No. 21, PageID.104.) Defendant states that he "withdraws all other grounds previously raised under § 2255 and proceeds only on the conceded resentencing ground." (*Id.*) In light of Defendant's representations, the Court will deem habeas grounds II, III, and IV withdrawn, and will proceed only upon habeas ground I.

**B.     Analysis**

As his first ground for relief, Defendant contends that counsel rendered ineffective assistance by failing to raise an objection to Defendant's criminal history category. (§ 2255 Mot., ECF No. 1, PageID.4.) According to Defendant, the Probation Officer who prepared Defendant's Presentence Investigation Report (PSR) assessed three criminal history points for Defendant's 2008 convictions for fleeing and eluding and domestic assault. (*Id.*) Defendant contends that the Probation Officer erroneously assessed three criminal history points for these convictions because the "threshold for a [three-]point addition is 395 days" of incarceration, and Defendant's aggregate period of incarceration for these convictions did not exceed 395 days. (*Id.*) Therefore, Defendant argues that he should have been assessed two points, not three. (*Id.*) Defendant avers that had these convictions been properly scored, he would have had an aggregate criminal history score of six

6

points, placing him in criminal history category III, not IV as determined by the Probation Officer. (*Id.*)

Defendant's PSR reflects that his total offense level was 31. *See* PSR, *United States v. Talsma*, No. 1:21-cr-180-1 (W.D. Mich.) (ECF No. 162, PageID.897). The Probation Officer calculated Defendant's criminal history score at seven, placing Defendant in criminal history category IV. *See id.* (ECF No. 162, PageID.900–01). Defendant correctly notes that the Probation Officer assessed three criminal history points for Defendant's 2008 convictions for third-degree fleeing and eluding and domestic violence. *See id.* (ECF No. 162, PageID.899). Defendant was initially sentenced to 90 days in jail, with credit for 30 days, for the fleeing and eluding conviction, and 30 days in jail, with credit for 30 days, for the domestic violence conviction. *See id.* Defendant was also placed on 36 months of probation for the fleeing and eluding conviction. *See id.* When Defendant's probation was revoked in 2012, he was sentenced to 300 days in jail, with credit for 97 days. *See id.* Thus, Defendant's aggregate period of incarceration for these convictions was 390 days.

The Sentencing Guidelines provided that "[i]n the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, add the original term of imprisonment to any term of imprisonment imposed upon revocation." *See* U.S.S.G. § 4A1.2(k)(1). That total "is used to compute the criminal history points for § 4A1.1(a), (b), or (c), as applicable." *Id.* For each "prior sentence of imprisonment exceeding one year and one month," three criminal history points are assessed. *See* U.S.S.G. § 4A.1.1(a). Two points are assessed "for each prior sentence of imprisonment of at least sixty days not counted in subsection (a)." *See id.* § 4A1.1(b). Here, Defendant is correct that the Probation Officer erroneously assessed three criminal history points for his 2008 convictions because his aggregate term of imprisonment of

7

390 days did not exceed one year and one month. Accordingly, Defendant's total criminal history score should have been six, which would have placed Defendant in criminal history category III, not IV as determined by the Probation Officer. *See* U.S.S.G. ch. 5, pt. A (Sentencing Table).

The Probation Officer determined that with a total offense level of 31 and a criminal history category of IV, Defendant's Guidelines called for 151 to 188 months of incarceration for the mail fraud conviction. *See* PSR, *United States v. Talsma*, No. 1:21-cr-180-1 (W.D. Mich.) (ECF No. 162, PageID.906). As set forth above, the Court sentenced Defendant to 168 months of incarceration for mail fraud. *See* J., *id.* (ECF No. 174, PageID.1030). However, had Defendant's criminal history score been properly computed, or had counsel objected to the criminal history scoring and the scoring was then adjusted by the Probation Officer, Defendant's Guidelines would have called for 135 to 168 months of incarceration. *See* U.S.S.C. ch. 5, pt. A (Sentencing Table).

Attorney Graham has not addressed this assertion of ineffective assistance in his affidavit. (*See generally* ECF No. 10.) The Government, however, concedes that "case law strongly suggests that the failure to object to this kind of guideline error is constitutionally deficient representation." (ECF No. 18, PageID.85.) This Court agrees with the Government's assessment. The United States Court of Appeals for the Sixth Circuit has concluded that counsel's failure to object to and move for the correction of clear errors in a client's PSR constitutes ineffective assistance of counsel. *See Arredondo*, 178 F.3d at 787–88. Furthermore, counsel's failure to raise an objection prejudiced Defendant. *See Molina-Martinez*, 578 U.S. 189, 198 (2016) ("When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error.").

In light of the foregoing, the Court agrees with the parties that counsel was ineffective for failing to object to the calculation of Defendant's criminal history and, therefore, Defendant is entitled to relief with respect to ground I. The Court, therefore, must now consider what remedy is appropriate. Section 2255 "gives district judges wide berth in choosing the proper scope of post-2255 proceedings." *See United States v. Jones*, 114 F.3d 896, 897 (9th Cir. 1997). The statute "permits the district court to grant relief in one of four forms 'as may appear appropriate' when a motion is found to be meritorious: discharge the prisoner, resentence the prisoner, grant a new trial, or correct the sentence." *See Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013) (citing U.S.C. § 2255(b)).

Here, because ground I implicates only Defendant's sentence, the Court must choose between a resentencing or a sentence correction. "[R]esentencing is 'open-ended and discretionary' and akin to 'beginning the sentencing process anew.'" *United States v. Augustin*, 16 F.4th 227, 232 (6th Cir. 2021) (quoting *United States v. Thomason*, 940 F.3d 1166, 1171 (11th Cir. 2019)). Because of this discretion, "a district court that takes this route must conduct a sentencing hearing with all the necessary components." *See id.* A sentence correction, on the other hand, is an "arithmetical, technical, or mechanical" limited remedy. *See United States v. Flack*, 941 F.3d 238, 241 (6th Cir. 2019). For example, a sentence correction occurs when a district court "simply vacates 'unlawful convictions (and accompanying sentences)' without choosing to reevaluate 'the appropriateness of the defendant's original sentence.'" *See Augustin*, 16 F.4th at 232 (quoting *United States v. Palmer*, 854 F.3d 39, 42, 48 (D.C. Cir. 2017)).

The parties suggest that a resentencing for Defendant's mail fraud conviction, not a sentence correction, is the appropriate remedy here. The Court agrees. The Sixth Circuit has noted that "resentencing may be necessary if the error 'undermines the sentence as a whole' such that

9

the district court *must* 'revisit the entire sentence.'" *See Augustin*, 16 F.4th at 232 (quoting *Thomason*, 940 F.3d at 1172). Although Defendant's correct Guidelines range is set forth above, conducting a resentencing is necessary so that this Court may "'reconsider the [18 U.S.C.] § 3553(a) sentencing factors, and 'determine[] anew what the sentence should be.'" *See id.* (quoting *Flack*, 941 F.3d at 241). Likewise, as Defendant properly notes, "when a defendant's sentence has been set aside . . . a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." *See Pepper v. United States*, 562 U.S. 476, 490 (2011). Evidence of rehabilitation "is plainly [] relevant to the history and characteristics of the defendant, and provides the most up-to-date picture of those characteristics." *See United States v. Whitson*, 77 F.4th 452, 460 (6th Cir. 2023) (quoting *Pepper*, 562 U.S. at 491–92) (internal quotation marks omitted). Scheduling a resentencing will allow the parties to fully address the corrected Guidelines range, Defendant's post-sentencing rehabilitation, and any motions for a lower sentence that the parties may wish to raise.

## IV.   Conclusion

In sum, for the reasons set forth above, the Court deems grounds II, III, and IV withdrawn at Defendant's request. The Court concludes that Defendant is entitled to relief with respect to ground I, and his § 2255 motion will be granted with respect to that ground. The Court further concludes that the appropriate remedy is to conduct a full resentencing with respect to Defendant's mail fraud conviction.[1]

---

[1] Defendant is reminded that the statutorily required sentence of 24 months for his aggravated identity theft conviction will still be imposed consecutively to whatever term of incarceration Defendant receives at his resentencing for his mail fraud conviction.

10

The Court will enter an order consistent with this Opinion.


Dated: November 3, 2025				/s/ Hala Y. Jarbou
						HALA Y. JARBOU
						CHIEF UNITED STATES DISTRICT JUDGE